UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EMANUEL MENDOZA**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 16-14143**

**JLG INDUSTRIES, INC.,
ET AL.**                                              **SECTION "B"(1)**

<u>**ORDER AND REASONS**</u>

I.   NATURE OF MOTIONS AND RELIEF SOUGHT

Before the Court is Plaintiff's, Emanuel Mendoza, "Motion to Remand" (Rec. Doc. 5), Defendant's, "NES Equipment Services Corp. d/b/a NES Rentals' Response to Plaintiff's Motion to Remand" (Rec. Doc. 6) and Defendant's, "JLG Industries, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand" (Rec. Doc. 7). For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

I.   FACTS AND PROCEDURAL HISTORY

The Plaintiff suffered severe and disabling injuries as a result of a lift malfunction that he incurred while working on a construction project in Saint Bernard Parish. The Plaintiff filed suit in the 34th Judicial District Court for the Parish of Saint Bernard, State of Louisiana against four defendants: JLG Industries, Inc. ("JLG"), NES Equipment Services Corp. d/b/a NES Rentals' ("NES"), True Wall Enterprises, LLC ("TRUE WALL"), and McComb Glass, Inc. ("MCCOMB") for state law negligence and intentional tort claims. Plaintiff requested service on all defendants and defendants JLG, NES and MCCOMB were properly served.

1

Defendant TRUE WALL was not properly served at this time despite numerous attempts by the Plaintiff.

Plaintiff is a citizen of Virginia, JLG is a citizen of Pennsylvania, NES is a citizen of Illinois, MCCOMB is a citizen of Mississippi and TRUE WALL is a citizen of Louisiana. Defendant NES filed a notice of removal pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441 on August 25, 2016 (Rec. Doc.6 at 2). Plaintiff eventually served TRUE WALL on September 2, 2016 (Rec. Doc. 5-1 at 2).

**II.   PARTIES CONTENTIONS**

Plaintiff argues that removal is inappropriate because it violates the Forum-Defendant rule pursuant to 28 U.S.C. § 1441 (b)(2) and that the case should be remanded back to Louisiana state court. Plaintiff also argues that in the event that their motion to remand is denied, this court should order the Defendants to provide the Plaintiff with their initial disclosures and allow Plaintiff to conduct discovery related to jurisdictional citizenship.

Defendants NES and JLG argue that removal does not violate 28 U.S.C. § 1441 (b)(2) because TRUE WALL had not been properly served at the time of removal. Defendants also argue that TRUE WALL has been fraudulently joined and therefore should not be able to prevent removal.

## III. STANDARD FOR REMAND AND FINDINGS

A district court must remand a case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Plaintiff and Defendants agree that the requirements for diversity jurisdiction have been satisfied (Rec. Doc 5-1 at 1 and Rec. Doc. 6 at 4). However, Plaintiff contends that as a result of

the Forum-Defendant rule, the case should be remanded back to state court.

The Forum-Defendant rule specifically precludes removal "if any of the parties in interest *properly joined and served* as defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Though joined in the original action, it is undisputed that Plaintiff had not yet served TRUE WALL at the time of removal. (*See* Rec. Doc. 5-1 at 2). Based on the plain meaning of the statute then, Defendant's notice of removal of this matter does not violate the Forum-Defendant rule. "Following the plain language of section 1441(b), courts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal." *Stewart v. Auguillard Constr. Co., Inc.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) (noting that "courts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b).").

Here, it is undisputed that TRUE WALL was not served prior to removal and that complete diversity exists as all initially served defendants reside in different states than the Plaintiff and the

4

forum court. Accordingly, the forum-defendant rule does not bar removal and the Plaintiff's motion to remand does not have legal merit[1].

New Orleans, Louisiana, this 22nd day of November, 2016.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In regards to Plaintiff's requests regarding initial disclosures and discovery, the parties are reminded to comply with all requirements of the Federal Rules of Civil Procedure. Discovery disputes per Local Rule 72.1 are automatically referred to the Magistrate Judge.